[No. 16392. Department One. September 26, 1921.]

JOE MIRALDI, *Respondent,* v. H. O. WICK *et al.,*
*Appellants.*[1]

FRAUD (6, 22)—MISREPRESENTATIONS—RELIANCE ON STATEMENTS —EVIDENCE—SUFFICIENCY. Where the lessor misrepresents the quality of land leased for agricultural purposes, and the lessee has not equal means of knowledge of the existence of sufficient alkali in the soil to prevent the growing of crops, the lessor is liable in damages for the loss suffered by the lessee.

Appeal from a judgment of the superior court for Yakima county, Taylor, J., entered June 1, 1920, upon the verdict of a jury rendered in favor of the plaintiff, in an action for damages for fraud. Affirmed.

*H. J. Snively,* for appellants.

*D. H. Bonsted,* for respondent.

FULLERTON, J.—On April 10, 1919, the appellants, being the owners of one hundred and twenty acres of land situated in Yakima county, leased the same to the respondent for a term ending December 31, 1919, for a cash consideration of nine hundred dollars. The respondent was put into possession of the leased property, and in due season seeded some sixty acres thereof to barley, planted twenty acres to corn, and twenty acres to garden vegetables. The crops seeded and planted failed to mature, and in December, 1919, the respondent began the present action against the appellants to recover in damages, averring in his complaint that the appellants, to induce him to enter into the lease, made false and fraudulent representations as to the quality and condition of the land; the more specific allegation being that the land was represented to be good, tillable farming land, free from any harm-

[1]Reported in 200 Pac. 1094.

ful or deleterious substance, and suitable for the production of all kinds of farm crops, whereas the land contained alkali in such excessive quantities as to render it incapable of producing a crop of any kind. The cause was tried by the court sitting with a jury. The jury returned a verdict in favor of the respondent for the sum of sixteen hundred twenty-nine and 50/100 dollars, and for this sum judgment was entered in his favor. The appeal is from this judgment.

The assignments of error question the sufficiency of the evidence to sustain the verdict and judgment. There was sufficient evidence submitted to the jury to warrant them in finding that the land, because of its alkalied condition, was unsuitable for growing crops of any sort, and that the loss of crops sown and planted by the respondent was due to this condition. There was sufficient evidence, also, to warrant the jury in finding that the appellants misrepresented its condition in this respect. Indeed, the appellants do not seriously dispute the fact that the evidence was conflicting on these propositions. They contend, however, that they were representations upon which the respondent had no legal right to rely, and did not in fact rely, but that he entered into the contract of lease after he had examined the land and was fully informed as to its condition, and that the trial court should have so adjudged as matter of law. But while it is undisputed that the respondent did visit and look over the land prior to entering into the contract, and did while on that visit discover that there was alkali on it, it is disputed that he was then fully informed, or informed at all, of the effect the alkali would have upon growing crops.

The respondent's testimony is to the effect that he is an Italian by birth; that, while he had been in the United States for some twelve years, he had never en-

gaged in farming therein, although he had farmed in his native country in his youth; that, when he started to visit the land, the appellants gave him a letter addressed to a person in charge of the land, instructing the person to show him the land and give him such information concerning it as he might desire; that he visited the land in company with this person, and while on the land discovered that in a few spots the land was covered with a white substance, and on inquiry was told that it was alkali; that he then inquired what effect alkali had on land and was told that too much would hurt, but that the quantity on this land would not interfere in any way with the growing of crops thereon. The respondent further testifies that, on his return to the appellants' offices for further negotiations concerning the lease, he took the matter up directly with the appellants, and was told by them that there was not sufficient alkali on the land to affect the crops; that the small quantity there would act rather as a fertilizer to the crops planted than as an injury to them. He further testified that he had no independent knowledge of the effect of alkali upon land, and that he relied upon the statements of the appellants and their representative concerning its effect. That the appellants had knowledge of the condition of the land, and the effect the alkali would have on crops attempted to be grown thereon, is also supported by evidence; it was testified that the appellants had caused the land to be broken out only a year or so before the time of the lease, had seeded the same to barley, and that the crop had been entirely destroyed by alkali. There was evidence contradictory of all this which would have sustained a verdict for the other side, but the evidence being conflicting, it was the peculiar province of the jury to determine wherein the truth lay.

Unquestionably, as the appellants contend, it is the law that where parties deal with each other as strangers with respect to land, and the means of knowledge concerning it are equally open to both, the one may not say that he has been deceived by the representations of the other, even though the representations be false. But the rule is otherwise where the means of knowledge are not equally open, and here they were not so. The respondent, if his testimony is to be believed, did not know that there was alkali in the land sufficient in quantity to prevent growing crops thereon; and it was the duty of the appellants, if they undertook to inform him on the subject at all, to inform him truthfully, and are answerable for the damages suffered by him if they did not so inform him.

The further contention is that the verdict is excessive. After the crops on the premises failed, the respondent sublet the land for the remainder of his term for pasturage, receiving one hundred dollars as a consideration. It is said that the jury in making up their verdict did not take this into consideration. But the jury were required to and did answer certain special interrogatories, and these plainly show that they made allowance for this sum in their verdict.

The judgment is affirmed.

PARKER, C. J., HOLCOMB, MACKINTOSH, and BRIDGES, JJ., concur.